**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  Case No. 11-20706

QUENTIN SHERER,

    Defendant.
                                             /

**ORDER DIRECTING THE GOVERNMENT TO FILE SUPPLEMENTAL BRIEF**

In this bank-robbery prosecution, the Government has filed a motion in limine seeking the admission of evidence concerning Defendant Quentin Sherer's involvement in two earlier bank robberies. While other crimes are typically considered inadmissible to show character or action in conformity therewith under Federal Rule of Evidence 404(b), the Government argues that Defendant's previous robberies are sufficiently similar to the robbery in question to establish an identifying pattern, or perhaps a modus operandi, that supports the identification of Defendant as the perpetrator.

Due to the fact-intensive nature of a determination whether "standard conduct . . . constitute[s] a signature" distinct enough to be probative on the issue of identity, *see United States v. Mack*, 258 F.3d 548, 554 (6th Cir. 2001), prior Sixth Circuit decisions admitting evidence under this theory rely on a comparison of the specific details of a defendant's crimes, *see, e.g.*, *United States v. Perry*, 438 F.3d 642, 648 (6th Cir. 2006); *Mack*, 258 F.3d at 554. To aid the court in this heavily fact-driven inquiry, the Government has proffered only "a brief description of the relevant facts," (Pl.'s Mot. in

Limine 3, Dkt. # 28), making it difficult to evaluate the admissibility of the proposed evidence. The court will therefore direct the Government to file a supplemental brief recounting the events surrounding Defendant's bank robberies in more detail, for example by submitting statements from witnesses to the crimes, portions of transcribed testimony, or investigative reports.[1]

Additionally, the Government should describe with more particularity the limitations—aside from the jury instruction proposed in the motion—that might reasonably be used to further mitigate the risk of unfair prejudice posed by the prior-crime evidence, in the event it is deemed admissible under Rule 404(b). The Sixth Circuit, for example, has suggested curtailing the more prejudicial aspects of testimony from victims or witnesses of the prior crimes or, alternatively, presenting the details of the prior crime through a defense stipulation, the transcript of the plea hearing in which the defendant admitted to the crime, or testimony of an investigator. *See United States v. Washam*, 468 F. App'x 568, 581 (6th Cir. 2012). The Government should make reasonable efforts to gain Defendant's concurrence in the form of its anticipated limitations. Accordingly,

---

[1] In inviting the submission of such documents for the purposes of the Rule 404(b) inquiry, the court takes no position on whether they would ultimately be admissible at trial. *See* Fed. R. Evid. 104(a) ("The court must decide any preliminary question about whether . . . evidence is admissible. In so deciding, the court is not bound by evidence rules.").

IT IS ORDERED that the Government is DIRECTED to file a supplemental brief on or before **July 30, 2012**. Any response by Defendant must be filed no later than **August 3, 2012**.

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: July 23, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 23, 2012, by electronic and/or ordinary mail.

      s/Lisa G. Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522